No. 64,792

In the Matter of WILLIAM R. WOOD, *Respondent*.

(794 P.2d 660)

Opinion filed July 13, 1990.

*Bruce E. Miller*, disciplinary administrator, argued the cause for the petitioner.

*Jack Focht*, of Focht, Hughey, Hund & Calvert, of Wichita, and *William R. Wood*, pro se, argued the cause for the respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the disciplinary administrator against William R. Wood, of Wichita, an attorney admitted to the practice of law in Kansas. The complaint filed against respondent alleges violations of Model Rules of Professional Conduct 3.3 (1989 Kan. Ct. R. Annot. 238); 3.4 (1989 Kan. Ct. R. Annot. 241); 3.5 (1989 Kan. Ct. R. Annot. 243); 4.1 (1989 Kan. Ct. R. Annot. 249); 4.4 (1989 Kan. Ct. R. Annot. 251); 8.4(a), (b), (c), (d), and (g) (1989 Kan. Ct. R. Annot. 268); and Supreme Court Rule 207 (1989 Kan. Ct. R. Annot. 125).

A formal hearing before the panel of the Kansas Board for Discipline of Attorneys was held on November 30, 1989, at the Kansas Judicial Center, Topeka, Kansas. Respondent appeared in person and by counsel. By answer, respondent recognized that he had violated Supreme Court Rule 226 Model Rules of Professional Conduct (1989 Kan. Ct. R. Annot. 190) but not to the extent alleged in the formal complaint.

The facts which are the basis for the complaint against respondent are included within the panel report. No exceptions to the report were filed by the respondent. The complaint arises out of a meeting held in respondent's office to discuss complainant's intention to place the name of respondent's "best friend" on the birth certificate of the child born to the complainant. The complainant maintained that respondent's friend is the father of the child. The panel made the following findings of fact:

1. "Respondent, William R. Wood, is an attorney at law, registration number 06858, with his last registration address with the Clerk of the Appellate Courts of Kansas being P.O. Box 126, Wichita, Kansas 67201.

"2. There is no significant dispute between the parties that the meeting of November 25, 1988, took place and that during the course of the meeting respondent did take a handgun from his drawer and use it to demonstrate a point he was trying to make. Likewise there is no dispute that respondent did not point the gun at Ms. O'Mara or threaten her with it.

"3. There also is no dispute that respondent prepared the letter and affidavits submitted to the Disciplinary Administrator stating that no gun was used during the meeting. Although the affidavits were apparently not properly executed, the respondent does not deny that they were submitted with the expectation that they would be relied upon as affidavits.

"4. The respondent admits that the letter and affidavits were false and that he initially lied to Dennis Shay.

"5. Ms. O'Mara ultimately filed a paternity action against Mr. Holt, and an order determining paternity was entered."

The panel unanimously concluded that respondent's actions violated MRPC 8.1 (1989 Kan. Ct. R. Annot. 266) and 8.4(c) by knowingly preparing and submitting false affidavits to the disciplinary administrator and lying to the investigating attorney. The panel further concluded that there was not clear and convincing evidence to support a finding that respondent violated the additional provisions as alleged in the complaint. The panel unanimously recommended that the respondent be publicly censured pursuant to Supreme Court Rule 203(a)(3) (1989 Kan. Ct. R. Annot. 120). In making the recommendation, the panel sought guidance from the American Bar Association Standards for Imposing Lawyer Sanctions. In addition, the panel took into consideration the following mitigating factors:

"1. Mr. Wood has had a long and successful career in Wichita, as evidenced by the letters of support introduced into evidence;

"2. Mr. Wood was suffering some health problems at the time of the commission of the violations;

"3. Mr. Wood admitted his wrongdoing during the hearing and cooperated with the panel; and

"4. Mr. Wood has virtually ceased to practice law."

After a careful review of the record, we are of the opinion that the serious nature of respondent's conduct in attempting to cover up his unprofessional actions warrants more than public censure. The respondent's actions in this regard were intentional and at-

tempted to perpetrate a fraud upon this court. The panel, discussing the ABA Standards for Imposing Lawyer Sanctions, noted:

"The standards in Section 6.1 deal specifically with the making of false statements, fraud, and misrepresentations by attorneys. 6.11 recommends disbarment if the lawyer, 'with the intent to deceive the court makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.' The recommended sanction is reduced to suspension by 6.12 if a lawyer 'knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.' If the actions of a lawyer are merely negligent, a reprimand is the recommended sanction (6.13)."

We do not agree with the panel's conclusion that respondent's conduct falls somewhere between § 6.12 and § 6.13. We conclude that respondent's actions fall somewhere between § 6.11 and § 6.12, and, after considering the mitigating factors, we are of the opinion that respondent should be disciplined by suspension from the practice of law for a period of one year from the effective date of this opinion.

IT IS THEREFORE ORDERED that William R. Wood be and he is hereby suspended from the practice of law in the. State of Kansas for a period of one year from the 13th day of July, 1990.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218(a) (1989 Kan. Ct. R. Annot. 138), and, at the end of the one-year suspension, respondent will be reinstated upon furnishing proof of compliance thereof to the Clerk of the Appellate Courts.

IT IS FURTHER ORDERED that the costs of the proceedings be assessed to the respondent and that this order be published in the official Kansas Reports.